UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:12 CR 285 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| SHANE BLUNT   , | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Defendant. | ) |  |

This matter comes before the Court upon Defendant, Shane Blunt's Motion for Relief Under 28 U.S.C. § 2255.  (ECF # 1729).   The government filed a Response to the motion. (ECF # 1736).  Mr. Blunt did not file a timely Reply.  Mr. Blunt claims that he is entitled to a new sentencing hearing based on the decision in *Johnson v. United States*, 35 S. Ct. 2551, 2563 (2015).  He provides no facts or arguments to indicate what constitutional error is alleged in connection with his conviction and sentence, or how *Johnson* would apply to his case.

*Johnson* invalidated the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), The "residual clause" defined one way a defendant's prior convictions could have qualified as "crimes of violence," which led to enhanced penalties for the defendant's current conviction.  Mr. Evan's sentence was not enhanced for any prior convictions of "crimes of violence" under the residual clause of the ACAA, the Sentencing Guidelines, or otherwise.   The *Johnson* decision and its progeny have absolutely no application to his case.

In addition, Mr. Blunt's motion is both time-barred, and barred by the appellate waiver

contained in his plea agreement.  Mr. Blunt's judgment was entered on July 8, 2013.   He did not file a direct appeal within the allowable fourteen day period.  Under the Antiterrorism and Effective Death Penalty Act of 1996, defendants must file Section 2255 claims within one year of the finalization of the conviction.  28 U.S.C. § 2255(f).  Mr. Blunt's time for filing his Section 2255 motion expired in July of 2014.   Therefore, his motion is untimely.  In addition, through his written plea agreement, which was entered knowingly and voluntarily, Mr. Blunt waived his right to appeal or collaterally challenge his conviction or sentence except under specific circumstances not alleged in his motion.  (ECF # 1111, ¶ 19).  *USA v. Morrison*, Case No. 16-5452, (6th Cir. January 25, 2017); *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012).

      For these reasons, Mr. Blunt's Motion for Relief Under 28 U.S.C. § 2255  (ECF # 1729) is DENIED.  This case is terminated.  IT IS SO ORDERED.

                                                       /s/ Donald C. Nugent
                                                          DONALD C. NUGENT
                                                  United States District Judge

DATED:  March 22, 2017